UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CHECKER MOTORS CORPORATION,

      Debtor.
_____/

THOMAS C. RICHARDSON,                Case No. 1:13-cv-746

      Plaintiff/Appellee,                HON. JANET T. NEFF

v.

CHECKER ACQUISITION
CORPORATION, ALLAN R. TESSLER,
and CHRISTOPHER MARKIN,

      Defendants/Appellants.
_____/

THOMAS C. RICHARDSON,                Case No. 1:13-cv-869

      Plaintiff/Appellee,

v.

MITCHELL D. SCHEPPS, as Personal
Representative for the estate of David
Markin,

      Defendant/Appellant.
_____/

## **OPINION**

In these related cases, Defendants Checker Acquisition Corporation, Allan R. Tessler, and

Christopher Markin ("Checker Acquisition Defendants") (Case No. 1:13-cv-746), and Defendant

Mitchell D. Schepps, as Personal Representative for the estate of David Markin (Case No. 1:13-cv-869), seek leave to file an interlocutory appeal of the June 10, 2013 Opinion[1] and Order of the Bankruptcy Court, concerning whether potential liability for withdrawal from a multi-employer retirement plan is properly considered in determining insolvency.[2] Plaintiff has filed separate objections to each motion for leave (Case No. 1:13-cv-746, Dkt 2-6; Case No. 1:13-cv-869, Dkt 1-6). Checker Acquisition Defendants have filed a Reply (Case No. 1:13-cv-746, Dkt 7), and Plaintiff has filed a motion to strike the Reply (*id.*, Dkt 8).

Having reviewed the parties' submissions, the Court finds Checker Acquisition Defendants' Reply relevant since it sets forth substantive argument on the matters at issue. No prejudice results to Plaintiff because the same arguments are incorporated in the motion of Defendant Schepps in Case No. 1:13-cv-869, and merely reflect the consistent defense positions in the separate motions. Therefore, the motion to strike is denied. Further, for the reasons that follow, the motions for leave to file interlocutory appeal are denied.

## I.  Case Background

Defendants' motions succinctly summarize the case background as follows. Checker Motors Corporation (the "Debtor") filed its voluntary petition for bankruptcy protection under Chapter 11 on January 16, 2009 ("Petition Date") (Bankruptcy Case No. 09-00358, "Main Case"). For many years prior to and through the Petition Date, the Debtor participated in a multi-employer pension plan ("Plan"). The Debtor attempted to reorganize in bankruptcy, but was unsuccessful. Thus, the

---

[1]*In re Checker Motors Corp.,* 495 B.R. 355 (Bankr. W.D. Mich. 2013).

[2]Defendants seek leave pursuant to 28 U.S.C. § 158(a)(3) and Federal Rules of Bankruptcy Procedure 8001(b) and 8003.

Debtor moved the Court for permission to sell the majority of its assets, which permission the Court granted (Main Case, Dkts 214, 238).

Shortly thereafter, the Debtor withdrew from the Plan, incurring "withdrawal liability." Plaintiff asserts that the Debtor's post-petition withdrawal liability was a contingent debt prior to the Petition Date and thus must be considered when determining whether the Debtor was insolvent at various times pre-petition. Defendants disagree, as they believe that the Sixth Circuit case, *CPT Holdings, Inc. v. Indus. & Allied Employees Union Pension Plan, Local 73,* 162 F.3d 405 (6th Cir. 1998), is binding and requires a contrary holding.

The Bankruptcy Court issued its Opinion and Order on the matter on June 10, 2013 (Op. & Or., Case No. 1:13-cv-746, Dkts 2-4, 2-5; Case No. 1:13-cv-869, Dkts 1-4, 1-5; collectively, the "Ruling"). In its Ruling, the Bankruptcy Court determined that both Plaintiff and Defendants were correct in part. The Court agreed with Defendants that *CPT Holdings* is binding when considering insolvency with respect to constructive fraud claims under 11 U.S.C. § 548. For this purpose, a debtor's post-petition withdrawal liability is not treated as a pre-petition contingent claim. The Bankruptcy Court agreed with Plaintiff, however, that when considering the identical issue under the Michigan Uniform Fraudulent Transfer Act ("MUFTA"),[3] post-petition withdrawal liability is treated as a pre-petition contingent claim. The Ruling is significant in this case because it could "significantly tip the scales" in favor of one party or another (*see* Case No. 1:13-cv-746, Dkt 2-4, Bankr. Op. at 5).

The question Defendants present for appeal is:

---

[3]MICH. COMP. LAWS § 566.31 *et seq*.

In evaluating insolvency for the purpose of deciding whether a transfer may be avoided under MUFTA, should a bankruptcy court treat a debtor's post-petition withdrawal liability as a pre-petition contingent claim, notwithstanding *CPT Holdings*?

## II. Discussion

The parties do not dispute the applicable standard for granting leave to appeal. District courts considering whether to grant interlocutory appeal of a bankruptcy court decision look to the standards in 28 U.S.C. § 1292(b), which defines the courts of appeals' jurisdiction to review interlocutory orders. An appellant seeking review of an interlocutory order must show:

> "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation."

*Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998) (quoting *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir. 1993) (internal citations omitted)). "Review under § 1292(b) should be sparingly granted and then only in exceptional cases." *Id.*

This Court is not persuaded that the instant cases present the exceptional circumstances that justify interlocutory appeal. The parties dispute only whether the second and fourth prongs of the inquiry are met: whether the question is controlling, and whether an immediate appeal would materially advance the ultimate termination of the litigation. They do not dispute prongs one and three, that is, the issue presented is a question of law, that is difficult, novel, and one of first impression in the Sixth Circuit. The Court agrees based on the authority reviewed, and thus focuses on the remaining prongs under *Wicheff*.

The courts generally consider prongs two and four as related considerations under § 1292(b). *Newsome v. Young Supply Co.,* 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012). Defendants assert that

the Sixth Circuit has set a low bar for determining that a question is controlling (Case No. 1:13-cv-746, Dkt 7 at 3; Case No. 1:13-cv-869, Dkt 1-1 at 4): "'All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.'" *Newsome,* 873 F. Supp. 2d at 875-76 (quoting *Eagan v. CSX Transp., Inc.,* 294 F. Supp. 2d 911, 915 (E.D. Mich. 2003)). This statement accurately quotes *Newsome.* Nonetheless, prong four still requires a showing that "an immediate appeal would materially advance the ultimate termination of the litigation." *See Newsome,* 873 F. Supp. 2d at 878-79; *see also W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis),* 293 F.3d 345, 351 (6th Cir. 2002), and *In re Baker & Getty Fin. Servs.,* 954 F.2d 1169, 1172, n.8 (6th Cir. 1992).[4]

Plaintiff argues that prongs two and four are not satisfied because it is undisputed that Plaintiff's cases would continue if this Court affirmed the Bankruptcy Court's decision regarding MUFTA. Moreover, regardless of the outcome on appeal, the cases will continue because Plaintiff advances multiple bases of recovery against Defendants under MUFTA: actual intent to defraud, MICH. COMP. LAWS § 566.34; and constructive fraud, MICH. COMP. LAWS § 566.35. Thus, even if this Court reverses the Bankruptcy Court, Plaintiff will not be precluded from proceeding to trial on the first basis (acted with intent to defraud) as to all Defendants, and insolvency is just one of many factors, along with evidence of other "badges of fraud" that the jury may consider in determining whether the transfer should be avoided under § 566.34. Further, Plaintiff can proceed to trial on the

---

[4]The standards for applying the *Wicheff* factors appear in differing iterations, depending on the court's analysis and case circumstances. While the bar may be low with respect to whether a purported controlling question materially affects the outcome, the same is not true for interlocutory appeals generally since they are to be the exception and not the rule.

second basis for recovery (constructive fraud), and Plaintiff may still be able to prove that the Debtor was insolvent at the time of many of the transfers at issue regardless of the Debtor's pension withdrawal liability. Plaintiff cites evidence and case circumstances to support these claims. Plaintiff additionally notes that the arguments as to MUFTA apply equally to 11 U.S.C. § 548 since each transfer under that section can be challenged as actual or constructive fraud although pension liability is not part of the insolvency equation.

The Court finds these circumstances persuasive grounds for denying interlocutory appeal in these cases. Even if this Court were to reverse the Bankruptcy Court on the issue of the pension liability under MUFTA, the cases would not be materially advanced since multiple bases of recovery exist, which may be pursued by Plaintiff despite any ruling on the pension withdrawal liability. *See Campbell v. Campbell (In re Campbell),* No. 10–12630, 2011 WL 768644, at *1 (E.D. Mich. Feb. 28, 2011) (noting that regardless of the district court's decision on the count at issue, other counts would remain for adjudication in the bankruptcy court).

Moreover, if this Court affirms the decision of the Bankruptcy Court, the appeal would do little or nothing to bring this case to resolution. *See Mecca-Tech, Inc. v. Lange*, No. 1:10-cv-1073, 2011 WL 3847122 (W.D. Mich. Aug. 30, 2011), and *In re Pilch*, No. 1:07-cv-306, 2007 WL 1686308 (W.D. Mich. June 8, 2007) (noting that while a reversal of the bankruptcy court decision may resolve all remaining claims in the bankruptcy case, the same was not true if the court were to affirm the bankruptcy court decision). "In such situations, the usual and appropriate course is to proceed before the trial court and reserve all potential objections for a single appeal." *Mecca-Tech, Inc.*, 2011 WL 3847122, at *2.

Defendants' argument that prong four is satisfied because if the Bankruptcy Court's decision is reversed, this Court, and a jury, would likely be spared a jury trial, does not account for the full circumstances of this case. This Court finds little material advancement of the overall case to be gained by evaluating the correctness of the Bankruptcy Court's decision at this juncture as Defendants urge. Even though the parties may have agreed that resolving the question of insolvency early in the bankruptcy proceedings would be beneficial,[5] it does not follow that an interlocutory appeal of the issue presented would similarly materially advance the ultimate termination of the litigation.

Thus, having considered the factors under *Wicheff*, the Court, in its discretion, denies Defendants' motions for leave to appeal. The Court is not persuaded that this is an "exceptional" case appropriate for interlocutory appeal.

An Order will be entered consistent with this Opinion.


Dated: March  20 , 2014                          /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge

---

[5]The parties agreed that bifurcating all of the trials so that insolvency was tried first would minimize costs (Case No. 1:13-cv-869, Dkt 1-1 at 6, citing Fourth Pretrial Order).